IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01476–ZLW–KMT


GERARD M. VUOLO,

    Plaintiff,

v.

GARFEILD COUNTY SHERRIFS,
SHERIFF LOU VALLARIO,
GLENWOODSPRINGS POLICE DEPT.,
OFFICER LA ROCHA,
OWNERS (UNKNOWN) OF BUSINESS "SMOKERS FREINDLY", and
POLICE CHIEF TERRY WILSON,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case involves claims that Defendants violated Plaintiff's rights under the First,

Fourth and Fifth Amendments.  This matter is before the court on the "Glenwood Springs'

Defendants Motion to Dismiss" ([Doc. No. 8] [filed July 2, 2009] [hereinafter "Glenwood

Mot."]), filed by the Glenwood Springs Police Department and Police Chief Terry Wilson[1], and

the "Motion to Dismiss" ([Doc. No. 10] [filed July 14, 2009] [hereinafter "Garfield Mot."]) filed

---

[1] Hereinafter, Defendants Glenwood Springs Police Department and Police Chief Terry Wilson shall be referred to collectively as the "Glenwood Springs Defendants," where appropriate.

by the Garfield County Sheriff's Department and Sheriff Lou Vallario.[2]  Plaintiff filed a

Response to the Glenwood Springs Defendants' Motion on July 14, 2009 ([Doc. No. 11]

[hereinafter "Resp. to Glenwood Mot."]), and a Response to the Garfield County Defendants'

Motion on July 29, 2009  ([Doc. No. 15] [hereinafter "Resp. to Garfield Mot."]).  The Glenwood

Springs Defendants filed their Reply on August 3, 2009 ([Doc. No. 17] [hereinafter "Glenwood

Reply"]), and the Garfield County Defendants filed their Reply on August 10, 2009 ([Doc. No.

18] [hereinafter "Garfield Reply"]).  Jurisdiction is premised upon 42 U.S.C. § 1983 (2009).

These motions are ripe for review and recommendation.[3]

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Complaint ([Doc. No. 1, Ex. A-1]

[hereinafter "Compl."]) and the parties' submissions with respect to this Recommendation.

Plaintiff alleges that while working for Walters Excavating in Glenwood Springs, Colorado, he

"became aware" and suspected that certain co-workers were working as undercover operatives

for the "Garfield County Sheriffs" in an effort to build a criminal case against him.  (Compl. at

5–6.)  Specifically, Plaintiff alleges he discovered that two of his co-workers, Nick Drywe and

Phil Daddy, "were wearing hidden tape recorders and asking [Plaintiff] about illegal drugs and

criminal activity."  (*Id*. at 5.)  Plaintiff claims he also discovered that a third co-worker, Dale

---

[2] Hereinafter, Defendants Garfield County Sheriff's Department and Sheriff Lou Vallario shall be referred to collectively as the "Garfield County Defendants," where appropriate.

[3] On August 12, 2009, Plaintiff filed Surreplies to both Motions to Dismiss.  (*See* Doc. Nos. 21, 24.)  However, Plaintiff neither requested, nor does this court now grant, leave to file a Surreply.  Therefore, the court does not consider Plaintiff's Surreplies in this recommendation.

Stephens, "was talking to Garfield County Sheriffs at local coffee shop in Rifle, Colorado, about the plaintiff." (*Id*. at 6.)

Plaintiff claims that he eventually confronted Phil Daddy regarding his suspicions. (*Id.*) Plaintiff claims he informed Mr. Daddy that he believed Mr. Daddy and other co-workers were investigating him as operatives for the Garfield County Sheriff's Department. (*Id.*) Plaintiff claims Mr. Daddy "became agitated" and denied that the Garfield County Sheriff's Department was behind the investigation. (*Id.*) Plaintiff alleges that after this confrontation, Mr. Daddy became "even more aggressive on the job," causing Plaintiff to quit his job because he felt he was being subjected to a hostile and dangerous work environment. (*Id.*)

Plaintiff claims that in April 2008, a female waitress with whom he was friends began avoiding him. (*Id.* at 7.) Plaintiff states he asked a "confidential informant what was going on with her." (*Id.*) Plaintiff states the "confidential informant" replied "the Sheriffs." (*Id.*) Thereafter, Plaintiff claims he became frustrated with "not being allowed to talk to his female friend and other incidents of under aged[,] overdeveloped females walking past him and waving to him in a attempt to get a sex charge." (*Id.* at 8.) As a result, Plaintiff states that he sought a restraining order from the "Garfield County courts."[4] (*Id.* at 8.) Plaintiff also claims that he filed a "formal complaint," i.e. a Victim/Witness Statement, with the Garfield County Sheriff's Office alleging that he believed Mr. Daddy and other coworkers were wearing tape recorders and

---

[4]   Plaintiff does not state who he sought to restrain and the request was denied. (Compl. at 8.)

trying to "entrap" him into making incriminating statements about drug use and other illegal activity, and that the Sheriff's Office was involved.[5]  (*Id.* at 14.)

Plaintiff states that in April 2008 he became acquainted with Jacqueline Henning, an employee of "Smokers Friendly" in Glenwood Springs, Colorado, where he regularly purchased cigars.  (*Id.*)  Plaintiff claims Ms. Henning occasionally hugged him while he was in the store.  (*Id.* at 7–8.)  Plaintiff claims these incidents were "recorded on the company video."  (*Id.* at 8.)  On September 10, 2008, while at a laundromat, Plaintiff alleges Glenwood Springs Police Officer LaRocha arrested Plaintiff for unlawful sexual contact, apparently with Ms. Henning.  (*Id.* at 8, 10, 16.)  Plaintiff claims his arrest was wrongful and fraudulent.  (*Id.* at 8.)  Plaintiff alleges that Officer LaRocha did not question Plaintiff before the arrest, but instead waited until Plaintiff was brought to the jail to read Plaintiff his Miranda rights and then ask Plaintiff if he wanted to talk.  (*Id.*)  Plaintiff states that Officer LaRocha said that he had not questioned Plaintiff before then "because [they] got [Plaintiff] on tape" committing the crime.  (*Id.*)  Plaintiff appears to claim that Officer LaRocha wrongfully arrested him in violation of this Fourth Amendment rights.  Plaintiff states that he "was able to bond out of jail that day."  (*Id.* at 9.)  Plaintiff claims that while he was in jail, the Two Rivers Drug Enforcement Team, or TRIDENT, searched his storage unit without a warrant, in violation of his Fourth Amendment rights.  (*Id.*)  Plaintiff alleges that the criminal charges against him for unlawful sexual contact

---

[5] The resolution of Plaintiff's "formal complaint" is unknown.

were eventually dismissed because the district attorney was not able to contact the victim, Ms. Henning.  (*Id*. at 10.)

Generally, Plaintiff claims that he was targeted by law enforcement who "proceeded to investigate[] [and] sabotage [his] female relationships, without due process, in a willful, wanton and reckless manner, [causing him] irreparable harm and damage," and violating several constitutional rights.  (*Id*. at 11.)  Plaintiff's claims appear to arise from two separate and distinct events: the tape recording of his conversations by coworkers and his arrest by Officer LaRocha. Plaintiff asserts that his First Amendment rights were violated by the alleged the tape-recording of his conversations by coworkers who asked "misleading questions."  (*Id*.)  With regard to his arrest by Officer LaRocha, Plaintiff appears to allege that he was deprived of liberty without due process of law, in violation of his Fourteenth Amendment rights.  (*Id*.)  Plaintiff further claims his Fourth Amendment rights were violated when TRIDENT allegedly conducted a warrantless search of his "locker" while he was in jail.  (*Id*.)  Plaintiff also contends that his Fifth Amendment rights against self-incrimination and to indictment by a grand jury were violated, although he does not specifically allege a factual foundation supporting this claim.  (*Id*.)

Plaintiff claims "[his] civil rights were also violated under: a.) U.S.C. Title 18 sec. 241 conspiracy against rights[;] b.) U.S.C. Title 18 sec. 242 deprivation of rights under color of law[;] c.) false arrest[;] d.) illegal search[;] e.) conspiracy[;] f.) false imprisonment[;] g.) trespass[;] h.) malicious prosecution[;] i.) abuse of process[;] j.) loss of earning capacity[;] k.) pain and suffering[;] l.) emotional distress[;] [and] m.) loss of consortium."  (*Id*. at 12.)

Plaintiff seeks the following relief: 1) a declaration that defendants violated his rights; 2) reasonable attorney fees, costs and expenses pursuant to 28 U.S.C. § 2412 (Equal Access to Justice Act); and 3) monetary damages of $450,000. (*Id.*) Defendants move to dismiss the Complaint based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the following grounds common to both sets of defendants: 1) Plaintiff has failed to establish municipal liability necessary to hold Defendants Wilson or Vallario liable in their official capacities; 2) Plaintiff has failed to allege either Defendant Wilson or Vallario's personal participation in the alleged misconduct; 3) Defendants Wilson and Vallario are entitled to qualified immunity; and 4) Plaintiff's state law claims should be dismissed based on the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-101 *et seq*. (Glenwood Mot. at 2–3; Garfield Mot. at 1–4.) The Glenwood Springs Defendants also move to dismiss on the following grounds: 1) the Glenwood Springs Police Department is not a "person" subject to suit under § 1983; and 2) the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Glenwood Mot. at 2–3.) The Garfield County Defendants also seek dismissal arguing that Plaintiff's claims are barred by the applicable statute of limitations. (Garfield Mot. at 4.) The court finds these separately raised grounds for dismissal applicable, if at all, to all defendants.

## STANDARD OF REVIEW

### 1.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2.    *Fed. R. Civ. P. 12(b)(1) - Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1) (2007).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

**3.      *Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint

8

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).   "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1940.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

# ANALYSIS

### *I.   Federal Law Claims*

### *A.   Jurisdiction*

Plaintiff originally filed his *pro se* Complaint in Garfield County District Court (Case No. 2009 CV 211) on May 22, 2009.  (Doc. No. 1-2 at 2.)  On June 24, 2009, the Glenwood Springs Defendants petitioned to remove this action to federal court on the grounds of federal question jurisdiction.  (Pet. for Removal at 1 [Doc. No. 1] [hereinafter Pet.].)  Although "there is no cause of action for damages directly under the United States Constitution," *Drake v. City and County of Denver*, 953 F. Supp. 1150, 1156 (D. Colo. 1997), to seek relief for such violations, Plaintiff's claims must proceed, if at all, pursuant to 42 U.S.C. § 1983, which provides the original federal question jurisdiction under 28 U.S.C. § 1331 for this court to hear such claims.  42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

The Glenwood Springs and Garfield County Defendants have construed Plaintiff's claims as brought under Section 1983, Plaintiff does not dispute such jurisdiction (*see* Glenwood Mot. at 2; Garfield Mot. at 3; Resp. to Glenwood Mot. at 1), and this court finds that jurisdiction is proper under 42 U.S.C. § 1983.

**B.      *Statute of Limitations***

The Garfield County Defendants also contend that Plaintiff's civil rights claims are

barred by the applicable statute of limitations.[6]  (Garfield Mot. at 4.)  Although Section 1983

does not, itself, contain a statute of limitations, *see Blake v. Dickason*, 997 F.2d 749, 750–51

(10th Cir. 1993), "the applicable statute of limitations in section 1983 actions is generally the

residual statute of limitations for personal injury actions in the forum state."  *Nicholas v. Boyd,*

317 F. App'x 773, 777 (10th Cir. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)).

"In Colorado, the applicable statute of limitations is two years."  *Id.* (citing Colo. Rev. Stat. §

13-80-102; *Blake*, 997 F.2d at 750–51); *see* Colo. Rev. Stat. § 13-80-102(1)(g) (establishing a

two-year limitation period for "[a]ll actions upon liability created by a federal statute where no

period of limitation is provided in said federal statute") and Colo. Rev. Stat. § 13-80-102(1)(i)

(establishing a two-year limitation period for "[a]ll other actions of every kind for which no

other period of limitation is provided").

Although Colorado law supplies the applicable statute of limitations in Section 1983

actions, federal law governs the accrual of a federal cause of action.  *Nicholas,* 317 F. App'x at

778 (citing *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998)).  Section 1983 claims

accrue, for the purpose of the statute of limitations, "when the plaintiffs know or should know

their rights have been violated."  *Id., see also Smith v. City of Enid*, 149 F.3d at 1154 ("A civil

rights action accrues when the plaintiff knows or has reason to know of the injury which is the

---

[6] Although the Glenwood Springs Defendants did not put forth this ground for dismissal, the court finds it applicable to all defendants.

basis of the action").  "The test is an objective one, with the focus 'on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm.'"[7] *Id.* (citing *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004)).  Since Plaintiff filed the complaint in Garfield County District Court on May 22, 2009 (Compl. at 13), his Section 1983 claims must have accrued no earlier than May 22, 2007.

Plaintiff's Complaint is not the model of clarity.  However, it appears the Section 1983 claims asserted therein arise from two separate incidents: 1) the alleged tape-recording of his conversations while at work in January 2007; and 2) the alleged search and questioning associated with his arrest in September 2008.  (Compl.)

With regard to Plaintiff's claims arising out of the alleged tape-recording of his conversations, Plaintiff has attached to his Complaint a "Victim/Witness Statement" authored by Plaintiff Vuolo that appears to be dated January 2, 2007.[8]  (*Id*. at 14.)  In that statement, Plaintiff complains of his supervisor, Phil Daddy, "wearing a tape recorder on his person in an attempt to entrap me (Gerard Vuolo) into mak[ing] an incriminating statement."  (*Id.*)  Plaintiff's filing of the "Victim/Witness Statement" demonstrates that on January 2, 2007, Plaintiff knew about the

---

[7] Federal Rule of Civil Procedure 12(b)(6) is a proper vehicle for dismissing a complaint for noncompliance with the limitations period. *See Aldrich v. McCulloch Props.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) ("Statute of limitations questions may . . . be appropriately resolved on a [Federal Rule of Civil Procedure] 12(b) motion").

[8] The date listed on the "Victim/Witness Statement" reads: "2 1/2/07," where the first "2" appears to be crossed out.  (Compl. at 14.)  In any event, whether this document is interpreted as being dated in January or February of 2007 is of no consequence to the court's finding with regard to the statute of limitations in Section 1983 actions.

facts which led him to believe his rights had been violated.  Therefore, to the extent the

Complaint seeks Section 1983 relief for events occurring on or before January 2, 2007, such

claims are time-barred and are properly dismissed with prejudice.  However, for the same

reasons, the court finds that Section 1983 federal claims arising from Plaintiff's September 10,

2008 arrest, search and questioning accrued at that time and are, therefore, not time-barred.

### C.   *Claims against the Departmental Defendants*

Defendants contend the Glenwood Springs Police Department (hereinafter "GSPD") and

the Garfield County Sheriff's Department (hereinafter "GCSD") should be dismissed because

they are not proper parties to suit under Section 1983.  (Glenwood Mot. at 7.)  The United States

Supreme Court has held that municipalities and other local government units are "persons" to

whom section 1983 applies.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978).  "[A]

separate identity as a body politic or corporate is essential to § 1983 'person' status."  *Stump v.*

*Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) (citing *Monell*, 436 U.S. at 690).  "Under Colorado

law municipalities and counties, not their various subsidiary departments, exist as 'bodies

corporate and politic' empowered to 'sue and be sued.'" *Id.* (citing Colo. Rev. Stat. §

31-15-101(1)(a), (b) and § 30-11-101(1)(a)).  As one such subsidiary department, police

departments are not "persons" subject to suit under section 1983.  *Id.* ("[p]olice departments . . .

[do not] have the capacity to commit acts depriving individuals of civil rights . . . .").

Defendants GSPD and GCSD are unquestionably subsidiary departments of their respective city and county municipalities.[9]

Insofar as Plaintiff seeks to assert claims against the City of Glenwood Springs or Garfield County by filing suit against the GSPD and GCSD, "naming a municipal *department* as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." *Stump*, 777 F. Supp. at 816 & n.3 (emphasis in original) ("As the United States Supreme Court repeatedly has stated, a § 1983 action appropriately is pleaded against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity.").

### D.    *Claims against the Individual Defendants*

#### 1.    *Official Capacity Claims*

Plaintiff has filed suit against Glenwood Springs Police Chief Terry Wilson (hereinafter "Wilson") and Sheriff Lou Vallario (hereinafter "Vallario") in their official capacities. (Compl. at 1, 4.) The Glenwood Springs and Garfield County Defendants contend such claims must be dismissed because Plaintiff has failed to show his rights were violated as a result of a municipal custom, policy, or practice. (Glenwood Mot. at 8; Garfield Mot. at 3.)

"[A]cts of municipal department officials in their official capacity are equated with the acts of a municipality itself." *Stump*, 777 F. Supp. at 816 (citing *Brandon v. Holt*, 469 U.S. 464,

---

[9] The Garfield County Defendants also contend that Plaintiff's claims against the GCSD should be dismissed for failure to allege facts sufficient to establish municipal liability. Such an argument presumes the GCSD is a proper party in a Section 1983 action. In light of the court's finding on this threshold issue—that the GCSD is not a proper party in a Section 1983 suit—the court need not reach this issue.

14

472 (1985); *Monell*, 436 U.S. at 690 n. 55).  Therefore, Plaintiff's official-capacity claims against Defendants Wilson and Vallario must be treated as claims against the City of Glenwood Springs and Garfield County, respectively.  *Drake v. City and County of Denver*, 953 F. Supp. 1150, 1156 (D. Colo. 1997) (a suit against a governmental entity employee in his "official capacity" is the same as a suit against the entity).  "Under Section 1983, municipalities cannot be held liable for the actions of others under the common law principle of *respondeat superior*; they are responsible only for their own actions."  *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007) (citing *Monell*, 436 U.S. at 691–95; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–80 (1986) (plurality opinion)).

"[T]o establish municipal liability a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993–94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  "The Supreme Court has held that a municipal policy may include not only policy statements, ordinances, and regulations but the individual decisions of city officials who have 'final policymaking authority.'"  *David v. City and County of Denver*, 101 F.3d 1344, 1357 (10th Cir. 1996) (quoting *Pembaur*, 475 U.S. at 483).  "[A] municipality is liable only when the official policy is the 'moving force' behind the injury alleged."  *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (quoting *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

The Complaint is devoid of a single allegation that Plaintiff's rights were violated as a result of Defendant Wilson and/or Vallario's decisions, even if they were the officials with final

policymaking authority.  Indeed, the Complaint fails even to mention Defendants Wilson or Vallario by name, except in the caption and listing of defendants.  Plaintiff does not allege that his rights were violated due to a Glenwood Springs or Garfield County municipal policy statement, ordinance, or regulation.  Plaintiff's failure to assert a basis upon which to impose liability on the City of Glenwood Springs or Garfield County constitutes failure to state an official-capacity claim against either Defendant Wilson or Vallario.  Therefore, these defendants are properly dismissed as to all federal civil rights claims brought against them in their official capacities.

### 2. *Individual Capacity Claims*

The Complaint explicitly states that "[t]he defendants named in this claim are sued in their official capacity."  (Compl. at 12.)  Nevertheless, the Glenwood Springs and Garfield County Defendants argue that, insofar as the Complaint can be read to assert individual-capacity claims against Defendants Wilson and Vallario, such claims should be dismissed for failure to allege their personal participation in any of the alleged wrongdoing.  (Glenwood Mot. at 11; Garfield Mot. at 3.)

Personal participation is an essential allegation in a section 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–63.  To establish personal liability, Plaintiff must show that Defendants Wilson and Vallario caused the deprivation of a federal right.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and Defendant Wilson or Vallario's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

16

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 129 S.Ct. at 1948.  "Courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff has failed to allege that Defendants Wilson or Vallario participated in, controlled or directed the arrest or investigation that allegedly violated his rights.  Indeed, as noted *supra*, Plaintiff has failed to make any allegations against Defendants Wilson and Vallario, and their names only appear in the caption and listing of defendants.  Therefore, Defendants Wilson and Vallario are properly dismissed as to all federal civil rights claims asserted against them in their individual-capacities, to the extent such claims could be read into the Complaint.

The Glenwood Springs and Garfield County Defendants also assert that Defendants Wilson and Vallario are entitled to qualified immunity against claims brought against their individual capacities.  (Glenwood Mot. at 12–13; Garfield Mot. at 3–4.)  Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*,

457 U.S. 800, 818 (1982).  When analyzing the issue of qualified immunity, the court must determine (1) whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right; and (2) whether the right was clearly established at the time of the violation. *Pearson v. Callahan*, 129 S. Ct. 808, 817 (2009).  Plaintiff's failure to allege either Defendant Wilson or Vallario's personal participation in any of the alleged misconduct means that he has not sufficiently alleged the violation of a constitutional right by either of these defendants. Therefore, Defendants Wilson and Vallario are also entitled to qualified immunity against any individual-capacity claims.

In short, Plaintiff's Section 1983 claims fail on a number of fronts.  Plaintiff's claims based on the alleged tape-recording of his conversations are barred by the statute of limitations. *See supra*, section I(B).  Furthermore, all Section 1983 claims asserted against the departmental defendants are barred for lack of subject matter jurisdiction pursuant to *Monell*, 436 U.S. 658 (1978).  *See supra*, section I(C).  Plaintiff has failed to state a Section 1983 claim for municipal liability against the individual defendants in their official capacities.  *See supra*, section I(D)(1). Finally, Defendants Wilson and Vallario are entitled to qualified immunity against Plaintiff's individual capacity claims as he has failed to allege their personal participation in any wrongdoing.  *See supra*, section I(D)(2).  Therefore, the court now turns to Plaintiff's state law tort claims.

## II.    State Law Tort Claims

In addition to Plaintiff's claims of constitutional violations, the Complaint also contains several state law tort claims.[10]  (Compl. at 12.)  The Glenwood Springs and Garfield County Defendants contend such claims should be dismissed because they are entitled to immunity pursuant to the Colorado Governmental Immunity Act (hereinafter "CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.*  (Glenwood Mot. at 13–15; Garfield Mot. at 4–5.)  In the alternative, the Glenwood Springs Defendants argue that the court should decline to exercise supplemental jurisdiction over the state claims.

### A.    Colorado Governmental Immunity Act

The CGIA provides for immunity from liability on state law claims "which lie in tort or could lie in tort."  Colo. Rev. Stat. § 24-10-108; *see also* Colo. Rev. Stat. § 24-10-106(1).  The CGIA, as amended in 1986, specifically waives immunity in the following six areas: (1) the operation of a motor vehicle, owned or leased by the public entity, leased by the public entity, by a public employee while in the course of his employment; (2) the operation of any public hospital, correctional facility, or jail; (3) a dangerous condition of any public building; (4) a dangerous condition of a public highway, road, or street, which physically interferes with the movement of traffic on the portion used for travel by motor vehicles; (5) a dangerous condition of any public hospital, jail, public facility located in any park or recreation area maintained by a

---

[10] In addition to these claims, Plaintiff also alleges that his "rights were violated under:  . . . loss of earning capacity, pain and suffering, emotional distress, [and] loss of consortium." The court construes these as requests for damages, rather than independent tort or constitutional violations.

public entity, or of any public water, gas, sanitation, electrical, power, or swimming facility; and (6) the operation and maintenance of any public water facility, gas facility, sanitation facility, electrical facility, power facility, or swimming facility by such public entity. *See* Colo. Rev. Stat. § 24-10-106(1).

CGIA immunity is extended to all public entities and governmental employees. *Tidwell ex rel. Tidwell v. City and County of Denver*, 83 P.3d 75, 85 (Colo. 2003). In order to avoid such immunity, Plaintiff must allege against any entity defendant the commission of a tort falling within the six limited areas for which governmental immunity has been waived. *See* Colo. Rev. Stat. § 24-10-106. With respect to individual defendants, the immunity provided by the CGIA will also be inapplicable in the event of proof of willful and wanton conduct. Colo. Rev. Stat. § 24-10-118(2)(a). A Rule 12(b)(1) motion to dismiss on grounds of immunity under the CGIA raises a jurisdictional issue; Plaintiff has the burden of demonstrating jurisdiction. *See Padilla ex rel. Padilla v. School Dist. No. 1 in City and County of Denver*, 25 P.3d 1176, 1180 (Colo. 2001).

### 1.    *Departmental Defendants*

First, the CGIA defines a "public entity" as "the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to law . . . ." Colo. Rev. Stat. § 24-10-103(5). As agencies and instrumentalities of the City of Glenwood Springs and Garfield County respectively, the court finds that the GSPD and GCSD are public entities within the meaning of the CGIA and are, therefore, entitled to such immunity.

Included among the six limited areas for which immunity has been waived are actions for injuries resulting from the operation of any jail.  Colo. Rev. Stat. § 24-10-106(1)(b).  However, the Complaint is devoid of any allegation that Plaintiff suffered injuries resulting from the operation of a jail.  Plaintiff seeks to bring claims of false arrest, illegal search and false imprisonment (Compl. at 12); however he has not put forth any factual allegations to support such claims.  Furthermore, none of the factual allegations submitted by Plaintiff in the Complaint happened in a correctional facility or in a jail.  Plaintiff's state law tort claims do not fall within any of the other five categories of claims for which immunity has been waived.  *See* Colo. Rev. Stat. § 24-10-106.  Therefore, this court lacks subject matter jurisdiction over Plaintiff's state tort claims against the GSPD and GCSD as they are immune pursuant to the CGIA.

### 2.   *Individual Defendants*

The CGIA defines a public employee as "an officer, employee, servant, or authorized volunteer of the public entity, whether or not compensated, elected, or appointed."  Colo. Rev. Stat. § 24-10-103(4)(a).  As employees of the City of Glenwood Springs and Garfield County respectively, the court finds that Defendants Wilson and Vallario are public employees within the meaning of the CGIA.  Under the CGIA, in order to hold Defendants Wilson and Vallario liable for state law tort claims, Plaintiff must bring one of the six claims for which immunity has been waived, or allege willful and wanton conduct on the part of Defendants Wilson and Vallario.[11]  *See Moody v. Ungerer*, 885 P.2d 200, 204 (Colo. 1991) (citing Colo. Rev. Stat. §

---

[11] The standard for holding public employees liable for state law torts under the CGIA is different than the standard applicable to public entities.  *See supra*, Section II(A)(1).

24-10-118(2)(a).  Since the conduct Plaintiff complains of does not fall within any of the six limited areas for which immunity has been waived under the CGIA, the court now turns to whether Plaintiff has sufficiently alleged willful and wanton conduct on the part of Defendants Wilson and Vallario.

The court finds the Complaint devoid of any allegations of willful and wanton conduct. Rather, Plaintiff puts forth one conclusory allegation: that he was targeted by law enforcement who "proceeded to investigate[] [and] sabotage [his] female relationships . . . in a willful, wanton . . . manner, [causing him] irreparable harm and damage."  (Compl. at 11.)  "In any action in which allegations are made that an act or omission of a public employee was willful and wanton, the specific factual basis of such allegations shall be stated in the complaint."  Colo. Rev. Stat. § 24-10-110(5)(a).  "Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted."  Colo. Rev. Stat. § 24-10-110(5)(b); *see Barham v. Scalia*, 928 P.2d 1381, 1385 (Colo. App. 1996) ("Whether a plaintiff has pleaded sufficient facts to state a claim based upon willful and wanton conduct is to be determined by the court.").

Plaintiff has not alleged any facts whatsoever concerning either Defendant Wilson or Vallario's involvement in any misconduct, much less facts sufficient to make out a claim for willful and wanton conduct.  Plaintiff's failure to state a claim falling within the CGIA's exceptions to governmental immunity provides Defendants Wilson and Vallario immunity against his state law tort claims and divests this court of subject matter jurisdiction over the

same.  Accordingly, Plaintiff's state law tort claims are properly dismissed against Defendants Wilson and Vallario.

**B.**      ***Statute of Limitations/Supplemental Jurisdiction***

With regard to Plaintiff's state law tort claims, the Garfield County Defendants argue such claims are barred by Colorado's one-year statute of limitations, citing Colo. Rev. Stat. § 24-10-106.[12]  (Mot. at 4.)  Allegations arising from Plaintiff's September 8, 2008 arrest would not be barred pursuant to the CGIA.  However, this court has found that it does not have subject matter jurisdiction over Plaintiff's state law claims pursuant to the CGIA, so the statute of limitations analysis with regard to such claims is moot.

Furthermore, even if subject matter jurisdiction existed pursuant to the CGIA, the court should decline supplemental jurisdiction of any state law tort action in light of the failure of the federal claims.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 370 F.3d 1161, 1165 (10th Cir. 2004); *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1264 (10th Cir. 2003).

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that the "Glenwood Springs' Defendants Motion to Dismiss" (Doc. No. 8) and the Garfield County Defendants' "Motion to Dismiss" (Doc. No. 10) be **GRANTED** and that Defendants Glenwood Springs Police Department, Garfield County Sheriff's

---

[12] See analysis of accrual of Plaintiff's claims outline more fully in Section I(B) herein.

Department, Police Chief Terry Wilson and Sheriff Lou Vallario be **DISMISSED** in their entirety.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

24

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 1st day of October, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge