IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01476–ZLW–KMT

GERARD M. VUOLO,

    Plaintiff,

v.

GARFEILD COUNTY SHERRIFS,
SHERIFF LOU VALLARIO,
GLENWOODSPRINGS POLICE DEPT.,
OFFICER LA ROCHA,
OWNERS (UNKNOWN) OF BUSINESS "SMOKERS FREINDLY", and
POLICE CHIEF TERRY WILSON,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on review of the docket. Plaintiff filed the *pro se* Complaint in Garfield County District Court (Case No. 2009 CV 211) on May 22, 2009. (Doc. No. 1-2 at 2.) Plaintiff asserted claims against, *inter alia*, the Owners (Unknown) of Business "Smokers Freindly" [sic] (hereinafter "Smoker Friendly"). (*Id*.) On June 24, 2009, this matter was removed to the United States District Court for the District of Colorado on the basis of federal question jurisdiction. (Pet. for Removal at 1 [Doc. No. 1].) On September 28, 2009, this court issued the first Order to Show Cause regarding Plaintiff's failure to properly serve Defendant Smoker Friendly within the 120 day period provided for in Fed. R. Civ. P. 4(m). (Doc. No. 39.) After reviewing the briefing, on November 4, 2009, this court issued the Second Order to Show Cause finding Plaintiff's purported service upon Defendant Smoker Friendly

failed to comply with the Federal or Colorado Rules of Civil Procedure. (Doc. No. 51.) However, finding that Plaintiff had shown good cause for his failure to serve, the court ordered Plaintiff to either effect service upon Defendant Owners (Unknown) of Business "Smokers Freindly" [sic], or show cause why this defendant should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service and Local Rule 41.1 for failure to prosecute on or before November 24, 2009. (*Id*.) On November 23, 2009, Plaintiff filed his "Response to Second Order to Show Cause." ([Doc. No. 54] [hereinafter "Resp."].) On November 25, 2009, Defendant Smoker Friendly filed its "Reply Made by Special Appearance to Plaintiff's Response to Second Order to Show Cause." (Doc. No. 56.)

As of the date of this Recommendation, there is no indication that Defendant Smoker Friendly has been served. As cause for his failure to serve, Plaintiff insists that his repeated failures to properly serve Defendant Smoker Friendly were the result of fraud and a conspiracy involving the private process servers hired by Plaintiff. (Resp. at 1–4.) However, Plaintiff has failed to provide evidence of any fraud or conspiracy preventing him from properly serving this defendant. Furthermore, as noted previously, it is Plaintiff's responsibility to prosecute this action and to serve the defendant. Therefore, Plaintiff's attempts to shift that responsibility to the private process servers he hired do not constitute good cause for his failure to serve. Plaintiff has failed to provide any other credible explanation for his failure to properly serve the defendant.

Furthermore, the Response does not indicate that any further attempts have been made to serve the defendant since the Second Order to Show Cause was issued. In fact, Plaintiff appears to suggest he has no intention to make further attempts to properly serve this defendant.

> Pursuant to Fed. R. Civ. P. 4(m),
>
> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It is well over 120 days since Plaintiff filed the Complaint in this matter. (Doc. No. 1-2 at 2.) Plaintiff has twice been granted extensions of time to effect service upon Defendant Smoker Friendly. Plaintiff has been repeatedly notified that his failure to serve may result in dismissal without prejudice and on November 4, 2009, was ordered to serve the defendant by November 24, 2009. (Doc. No. 51.) Moreover, Local Rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Plaintiff has failed to serve Defendant Smoker Friendly within the time set by Fed. R. Civ. P. 4(m), or to prosecute this action as required by Local Rule 41.1. The court finds that Plaintiff has failed to provide good cause for his lack of prosecution or his failure to comply with the court's order to serve the defendant. Accordingly, this court

**RECOMMENDS** that the claims against Defendant Smoker Friendly be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).

*But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 1st of December, 2009.

**BY THE COURT:**

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge