IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01476–ZLW–KMT

GERARD M. VUOLO,

    Plaintiff,

v.

GLENWOOD SPRINGS POLICE OFFICER LA ROCHA,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case involves claims that Defendants violated Plaintiff's rights under the First,

Fourth and Fifth Amendments.  This matter is before the court on the "Motion to Dismiss of

Defendant Jeff LaRoche."[1]  ([Doc. No. 42] [filed October 13, 2009] [hereinafter "Mot."].)

Plaintiff filed his Response on October 26, 2009.  ([Doc. No. 47] [hereinafter "Resp."].)

Defendant LaRoche filed his Reply on November 12, 2009.  ([Doc. No. 52] [hereinafter

"Reply"].)  Jurisdiction is premised upon 42 U.S.C. § 1983 (2009).  This motion is ripe for

review and recommendation.

---

[1] Defendant LaRoche's name was improperly spelled in the Complaint as "LaRocha."

## PROCEDURAL HISTORY

Plaintiff originally filed his *pro se* Complaint in Garfield County District Court (Case No. 2009 CV 211) on May 22, 2009 against the Glenwood Springs Police Department, Police Chief Terry Wilson, the Garfield County Sheriff's Department, Sheriff Lou Vallario, the Owners (Unknown) of Business "Smokers Freindly" [sic] (hereinafter "Smoker Friendly"), and Officer LaRoche.  ([Doc. No. 2 at 2] [hereinafter "Compl."].)  On June 24, 2009, the Glenwood Springs Police Department, Police Chief Terry Wilson petitioned to remove this action to federal court on federal question jurisdictional grounds.  (Pet. for Removal at 1 [Doc. No. 1] [hereinafter Pet.].)

In July of 2009, the Glenwood Springs Police Department, Police Chief Terry Wilson, the Garfield County Sheriff's Department, and Sheriff Lou Vallario moved to dismiss.  (Doc. Nos. 8, 10.)  On October 1, 2009, this court recommended these defendants be dismissed (Doc. No. 40), and on November 23, 2009, Senior District Judge Zita L. Weinshienk accepted and adopted the recommendation and dismissed the Glenwood Springs Police Department, Police Chief Terry Wilson, the Garfield County Sheriff's Department, and Sheriff Lou Vallario.  (Doc. No. 55.)

On December 1, 2009, this court recommended Smoker Friendly be dismissed based on Plaintiff's failure to serve the defendant with process pursuant to Fed. R. Civ. P. 4(m).  (Doc. No. 57.)  On January 20, 2010, Judge Weinshienk accepted and adopted this court's recommendation and dismissed Smoker Friendly from this action.  (Doc. No. 58.)  Defendant LaRoche is the only remaining defendant.

2

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation.  Plaintiff states that in April of 2008, he became acquainted with Jacqueline Henning, an employee of Smoker Friendly, a business located in Glenwood Springs, Colorado, where Plaintiff claims he regularly purchased cigars.  (Compl. [Doc. No. 2] at 8.)  Plaintiff claims Ms. Henning occasionally hugged him while he was in the store.  (*Id.* at 8–9.)  Plaintiff maintains these incidents were "recorded on the company video." (*Id.* at 9.)   On September 10, 2008, while at a laundromat, Plaintiff alleges Glenwood Springs Police Officer LaRoche arrested Plaintiff for unlawful sexual contact.  (*Id.* at 9, 17.)  Plaintiff claims Defendant LaRoche did not question Plaintiff before making the arrest.  (*Id.* at 9.)  Plaintiff claims Defendant LaRoche later informed him that he was not questioned prior to his arrest "because we got you on tape."  (*Id.*)  Plaintiff states he "was able to bond out of jail that day."  (*Id.* at 10.)  Plaintiff states he was criminally charged with unlawful sexual contact, but that such charges were dismissed five days before trial because prosecutors were unable to contact the alleged victim, Ms. Henning.  (*Id.* at 11.)  While Plaintiff has failed to expressly set forth the theory under which he has filed suit against Defendant LaRoche, Plaintiff appears to believe his arrest was wrongful and fraudiant [sic].  (*Id.* at 9.)  Therefore, the court will construe his claim against arresting Officer LaRoche as one asserting a violation of his Fourth Amendment rights.  *See Buck v. Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008) ("The Fourth Amendment protects the right of individuals to be free from improper arrest and detention.")

3

In addition to Plaintiff's constitutional claim, the Complaint lists a number of state law grounds including tort claims for false arrest, illegal search, conspiracy, false imprisonment, trespass, malicious prosecution, and abuse of process.[2]  (*Id.* at 13.)  Plaintiff seeks the following relief: 1) a declaration that Defendant LaRoche violated his rights; 2) reasonable attorney fees, costs and expenses; and 3) monetary damages of $450,000.  (*Id.*)  Defendant LaRoche moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing: 1) Plaintiff has failed to state a claim for violation of his Fourth Amendment rights; 2) Defendant LaRoche is entitled to qualified immunity; and 3) Defendant LaRoche is immune from Plaintiff's state law claims pursuant to the Colorado Governmental Immunity Act (hereinafter "CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.*  (Mot.)

## STANDARD OF REVIEW

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim

---

[2] In addition to these claims, Plaintiff also alleges that his "rights were violated under: . . . loss of earning capacity, pain and suffering, emotional distress, [and] loss of consortium." (Compl. at 12.)  The court construes these as requests for damages, rather than independent tort or constitutional violations.

4

upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint").  The plaintiff's *pro se* status does not entitle

him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2.      *Fed. R. Civ. P. 12(b)(1) - Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the

subject matter."  Fed. R. Civ. P. 12(b)(1) (2007).  Dismissal under Rule 12(b)(1) is not a

judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court

lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the

allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)

(recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction

when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is

on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding

in which it becomes apparent that jurisdiction is lacking."  *See id.*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the

complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*,

442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the

court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

**3.      Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of

6

analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments."  *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1940.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.* (citation omitted).

## ANALYSIS

**I.      *Failure to State a Claim***

Although "there is no cause of action for damages directly under the United States Constitution," *Drake v. Denver*, 953 F. Supp. 1150, 1156 (D. Colo. 1997), to seek relief for such violations, Plaintiff's claims must proceed, if at all, pursuant to 42 U.S.C. § 1983, which provides the original federal question jurisdiction under 28 U.S.C. § 1331 for this court to hear such claims.  42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Plaintiff asserts he "was wrongfully And [sic] fraudiantly [sic] arrested for un-lawful [sic] sexual contact, by Glenwood Springs, Co. officer La Rocha bg# 711." (Compl. at 9.) "The Fourth Amendment protects the right of individuals to be free from improper arrest and detention." *Buck*, 549 F.3d at 1281; *see* U.S. Const. amend. IV ("The right of people to be secure in their persons . . . against unreasonable seizures . . . shall not be violated."). "[W]hen a warrantless arrest is the subject of a § 1983 action, in order to succeed, a plaintiff must prove that the officer(s) lacked probable cause." *Id.* at 1281. "Probable cause exists if facts and circumstances within the arresting officer's knowledge . . . are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (internal quotation marks and citations omitted).

Since the allegations in the Complaint are so meager, the court is unable to ascertain whether the Plaintiff was arrested upon a warrant or if his arrest was warrantless. Therefore, the court will examine the arrest as if it was not made pursuant to a warrant. In Colorado, police officers have a statutory right to arrest a person if they have probable cause to believe the person committed an offense. Colo. Rev. Stat. § 16-3-102.

The Complaint alleges that Defendant LaRoche was, at the relevant time, a police officer. (Compl. at 5.) The Complaint contains no facts at all related to Plaintiff's arrest by

8

Defendant LaRoche other than the conclusory assertion that the arrest was wrongful and fraudiant [sic].  (*Id*. at 9.)  Plaintiff has failed to set forth any factual support for these assertions whatsoever.  *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  The court finds Plaintiff has utterly failed to state a claim for violation of his Fourth Amendment rights.

## II.      *Failure to Comply with Fed. R. Civ. P. 8*

Federal Rule of Civil Procedure 8(a) requires a plaintiff's complaint contain "a short and plain statement" of the grounds upon which his claim is based, that he is entitled to relief, and a demand for judgment.  *See* Fed. R. Civ. P. 8(a).  A pleading must be specific enough to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Here, Plaintiff has failed to elaborate on his conclusory allegation that the arrest by Defendant LaRoche was wrongful.  Such facts are necessary to provide Defendant LaRoche fair notice of Plaintiff's claim and a fair opportunity to assert a proper defense.  The court finds the Complaint violates Fed. R. Civ. P. 8.

## III.     *Qualified Immunity*

Further, Defendant LaRoche is entitled to qualified immunity.  Qualified immunity shields government officials sued in their individual capacities from liability for civil damages

provided their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  When analyzing the issue of qualified immunity, the court must determine (1) whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right; and (2) whether the right was clearly established at the time of the violation. *Pearson v. Callahan*, 129 S. Ct. 808, 817 (2009).  Since Plaintiff has failed to sufficiently allege any facts supportive of a violation of his Fourth Amendment rights, Defendant LaRoche is entitled to qualified immunity.

## IV.     *State Law Tort Claims*

In addition to Plaintiff's constitutional claim, the Complaint asserts, by reference, a number of state law tort claims without specifically pleading any of them.  (Compl. at 12.) Defendant LaRoche contends he is immune from such claims pursuant to the CGIA.  (Mot. at 7.) The CGIA provides for immunity from liability on state law claims "which lie in tort or could lie in tort."  Colo. Rev. Stat. § 24-10-108; *see also* Colo. Rev. Stat. § 24-10-106(1).  A Rule 12(b)(1) motion to dismiss on grounds of immunity under the CGIA raises a jurisdictional issue; Plaintiff has the burden of demonstrating jurisdiction.  *See Padilla ex rel. Padilla v. School Dist. No. 1 in City and County of Denver*, 25 P.3d 1176, 1180 (Colo. 2001).

The CGIA, as amended in 1986, specifically waives immunity in the following six areas: (1) the operation of a motor vehicle, owned or leased by the public entity, leased by the public entity, by a public employee while in the course of his employment; (2) the operation of any public hospital, correctional facility, or jail; (3) a dangerous condition of any public building; (4)

10

a dangerous condition of a public highway, road, or street, which physically interferes with the movement of traffic on the portion used for travel by motor vehicles; (5) a dangerous condition of any public hospital, jail, public facility located in any park or recreation area maintained by a public entity, or of any public water, gas, sanitation, electrical, power, or swimming facility; and (6) the operation and maintenance of any public water facility, gas facility, sanitation facility, electrical facility, power facility, or swimming facility by such public entity. *See* Colo. Rev. Stat. § 24-10-106(1).

CGIA immunity is extended to all public entities and governmental employees. *Tidwell ex rel. Tidwell v. Denver*, 83 P.3d 75, 85 (Colo. 2003). The CGIA defines a public employee as "an officer, employee, servant, or authorized volunteer of the public entity, whether or not compensated, elected, or appointed." Colo. Rev. Stat. § 24-10-103(4)(a). As an undisputed employee of the City of Glenwood Springs, Defendant LaRoche is a public employee within the meaning of the CGIA. In order to avoid CGIA immunity, Plaintiff must allege the commission of a tort falling within the six limited areas for which governmental immunity has been waived or he must allege willful and wanton conduct. *See* Colo. Rev. Stat. § 24-10-106; Colo. Rev. Stat. § 24-10-118(2)(a).

The conduct of which Plaintiff complains does not fall within any of the six limited areas for which immunity has been waived under the CGIA. Further, the Complaint is devoid of any allegations of willful and wanton conduct. The plaintiff merely alleges Defendant LaRoche, a police officer, arrested him and brought him to the police station on charges of unlawful sexual contact. "In any action in which allegations are made that an act or omission of a public

11

employee was willful and wanton, the specific factual basis of such allegations shall be stated in the complaint." Colo. Rev. Stat. § 24-10-110(5)(a). Plaintiff only puts forth one conclusory allegation: that defendants "proceeded to Investigate, sabotage female relationships, without due process, in a willful, wanton and reckless manner . . . ." (Compl. at 12.) "Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted." Colo. Rev. Stat. § 24-10-110(5)(b); *see Barham v. Scalia*, 928 P.2d 1381, 1385 (Colo. App. 1996) ("Whether a plaintiff has pleaded sufficient facts to state a claim based upon willful and wanton conduct is to be determined by the court.").

Plaintiff has not alleged any facts whatsoever concerning Defendant LaRoche's involvement in any misconduct during the September 10, 2008 arrest, much less facts sufficient to make out a claim for willful and wanton conduct. Plaintiff's failure to state a claim falling within the CGIA's exceptions to governmental immunity provides Defendant LaRoche immunity from Plaintiff's state law tort claims and divests this court of subject matter jurisdiction over the same.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** the court find the claims brought by the plaintiff against Defendant LaRoche are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and fail to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This court

**FURTHER RECOMMENDS** the "Motion to Dismiss of Defendant Jeff LaRoche," (Doc. No. 42) be **GRANTED**, and that Defendant LaRoche be **DISMISSED** in his individual and official capacities, and that this case be **DISMISSED** in its entirety.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059–60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

　　　　Dated this 19th day of February, 2010.

**BY THE COURT:**

_____

Kathleen M. Tafoya
United States Magistrate Judge